IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO HERNANDEZ (01),<br><br>Defendant. | CR. NO. 13-00511-01 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2), ECF NO. 202 |

# ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2), ECF NO. 202

Before the court is pro se Defendant Ernesto Hernandez's ("Defendant") Motion for Modification of Sentence Under 18 U.S.C. § 3582(c)(2). ECF No. 202 ("Motion"). For the following reasons, the Motion is DENIED.

On January 10, 2014, a jury found Defendant guilty of conspiracy with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and possession with intent to distribute methamphetamine in violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF Nos. 114, 128. On April 28, 2014, the court sentenced Defendant to concurrent terms of 180 months imprisonment and five years of supervised release. ECF No. 128. Defendant, age 61, is presently located at Oxford FCI with a projected release date of May 28, 2025. *See* Federal Bureau of Prisons Find an Inmate, https://

www.bop.gov/inmateloc/ (entering BOP Register Number "15666-022") (last visited Dec. 15, 2023).

Defendant now seeks a modification of his sentence based on a retroactive amendment embodied in United States Sentencing Guideline ("USSG") § 4C1.1 ("Amendment 821"), which provides a 2-level downward offense level adjustment for "Certain Zero-Point Offenders"—that is, defendants with no criminal history whose offenses fit within the guideline's criteria.  *See* USSG § 4C1.1(a).  Defendant moves the court to apply this amendment to reduce his offense level by two points, recalculate his Guideline range, and resentence him after weighing the relevant 28 U.S.C. § 3553(a) factors.  Defendant, however, is not eligible for a § 4C1.1(a) two-level reduction, and consequently, the court cannot modify his sentence.

"Ordinarily, a federal court 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (quoting 18 U.S.C. § 3582(c)).  A district court may, however, modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  *United States v. Wilson*, 8 F.4th 970, 973 n.2 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(2)); *see also Rodriguez*, 921 F.3d at 1153.

Section 3582(c) provides a two-step analysis for determining whether a defendant is entitled to a sentence reduction. In the first step, the reviewing court "decides eligibility by determining whether a reduction is consistent with . . . [USSG] § 1B1.10, the policy statement that implements § 3582(c)(2)." *Rodriguez*, 921 F.3d at 1153 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Such reduction "is not authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, comment. (n.1(A)). In the second step, the reviewing court considers all applicable § 3553(a) factors and exercises its discretion in determining whether "the authorized reduction is warranted, either in whole or in part." *Rodriguez*, 921 F.3d at 1153 (quoting *Dillon*, 560 U.S. at 826); *see also* 18 U.S.C. § 3582(c)(2). The court's consideration "cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 560 U.S. at 827.

Here, although Amendment 821 applies retroactively, USSG § 1B1.10(d), Defendant is ineligible for a sentence reduction. The "Zero-Point Offender" adjustment criteria under § 4C1.1(a) excludes a defendant who received any criminal history points—Defendant received one criminal history point for a 2009 conviction. *See* ECF No. 129 at PageID.400 (Presentence Investigation

3

Report "PSR" ¶¶ 42, 43).  Section 4C1.1(a) also excludes a defendant who received an adjustment under § 3B1.1 (Aggravating Role).  Defendant received such a 2-level upward adjustment for directing co-conspirators, arranging for the shipment of drugs to Hawaii, and organizing the supply and payment of money for the drugs.  *See* ECF No. 129 at PageID.398–99 (PSR ¶ 34); ECF No. 141 at PageID.945–46 (Sentencing transcript).  He is thus disqualified from a § 4C1.1 sentence reduction.

Accordingly, Defendant's Motion for Modification of Sentence, ECF No. 202, is DENIED.  Consequently, his request for appointment of counsel is DENIED as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 15, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Hernandez*, Cr. No. 13-00511 JMS, Order Denying Defendant's Motion for Modification of Sentence Under 18 U.S.C. § 3582(c)(2), ECF No. 202