IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 13-00511 JMS-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 207 |
| v. | |
| ERNESTO HERNANDEZ (01), | |
| Defendant. | |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 207

## I.  INTRODUCTION

Before the court is pro se Defendant Ernesto Hernandez's ("Defendant") "Second Motion Under 18 U.S.C. § 3582(c)(1)(A)(i) Pursuant to the New [United States Sentencing Guidelines ("USSG")] § 1B1.13(b)(3)(B) Seeking Compassionate Release."  ECF No. 207 ("Motion").[1]  Defendant moves for compassionate release based on: (1) family circumstances—specifically, a spouse incapacitated by a history of stroke and brain tumor with Defendant the only available caregiver; and (2) his rehabilitation while incarcerated.  Defendant fails to demonstrate an extraordinary and compelling reason to reduce his sentence and,

---

[1] In fact, this is Defendant's third, not second, motion for compassionate release.  *See* ECF Nos. 168 & 192 (seeking sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)).

in any event, the court would deny the Motion based on a consideration of the relevant 18 U.S.C. § 3553(a) factors.  Accordingly, as discussed below, Defendant's Motion is DENIED.

## II.  BACKGROUND

Defendant is 61 years old and presently incarcerated at Oxford FCI with a projected release date of May 28, 2026.  *See* Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (entering BOP Register Number "15666-022") (last visited May 21, 2024).

On January 10, 2014, a jury found Defendant guilty of conspiracy with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  ECF Nos. 114, 128.  On April 28, 2014, the court sentenced Defendant to concurrent terms of 180 months imprisonment and five years of supervised release, ECF No. 128, which the Ninth Circuit affirmed on appeal.  ECF Nos. 144, 146.

On March 8, 2024, Defendant filed this Motion for compassionate release.  ECF No. 207.  The government filed a response on April 10, 2024.  ECF No. 210.  Defendant filed a reply on May 13, 2024.  ECF No. 211.  The court decides the Motion without a hearing pursuant to Criminal Local Rule 12.2(a)(1).

## III. <u>DISCUSSION</u>

**A.    Legal Standard**

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release

motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal

citations omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011),

and *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)).

But § 3582 itself does not define "extraordinary and compelling

reasons." "Instead, Congress stated that the Sentencing Commission, 'in

promulgating general policy statements regarding the sentencing modification

provisions in section 3582(c)(1)(A) of title 18, shall describe what should be

considered extraordinary and compelling reasons for sentence reduction, including

the criteria to be applied and a list of specific examples.'" *United States v. Aruda*,

993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

United States Sentencing Commission Policy Statement § 1B1.13(a)

states, as relevant to Defendant, that a court may grant a motion for compassionate

release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the

extent that they are applicable," the court determines that: extraordinary and

compelling reasons warrant the reduction; the defendant "is not a danger to the

safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g)"; and "the reduction is consistent with [§ 1B1.13's] policy statement."

Section 1B1.13 then sets forth several specific extraordinary and

compelling reasons which may form—individually or in combination—the basis to

reduce a sentence: (1) certain medical circumstances of the defendant; (2) age of

4

the defendant coupled with health issues; (3) certain family circumstances of the

defendant; (4) whether the defendant was a victim of sexual or physical abuse

while in custody; (5) other circumstances (or a combination of circumstances)

"similar in gravity" to (1)–(4);[2] and (6) defendant received an unusually long

sentence.  Specific to the Motion, § 1B1.13(b)(3)(B) states that extraordinary and

compelling reasons exist based on "[t]he incapacitation of the defendant's spouse

. . . when the defendant would be the only available caregiver for the spouse . . . ."

And although the court must consider "extraordinary and compelling"

reasons and the relevant § 3553(a) factors, it may deny compassionate release on

any of these bases:

> First, the district court must determine whether
> "extraordinary and compelling reasons warrant" a
> sentence reduction.  Second, the court must evaluate
> whether a reduction would be "consistent with applicable
> policy statements issued by the Sentencing Commission."
> Third, the court must consider and weigh the factors set
> forth in 18 U.S.C. § 3553(a) to decide whether the
> requested sentence reduction is warranted "under the
> particular circumstances of the case."  Although a district
> court must conclude that a defendant satisfies all three

---

[2] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons.  Rather, they need be similar only in gravity . . . ."  Supplement to USSG App. C, amend. 814, p. 207 (Nov. 1, 2023).  Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons.  *United States v. Gudgel*, 2024 WL 729959, at *2 (D. Idaho Feb. 22, 2024) (stating that under the "other reasons" provision of § 1B1.13(b)(5), "district courts have wide discretion in evaluating whether a defendant's circumstances are extraordinary and compelling enough to justify a sentence reduction."); *United States v. Donato*, 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (same); *United States v. Courtway*, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) (same).

> predicates before granting a motion for compassionate
> release, it may deny compassionate release if a defendant
> fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations, emphasis, and footnote omitted).  Thus,

a district court may deny a compassionate release motion based solely on a

defendant's failure to show an "extraordinary and compelling" reason for release.

"[A] district court that properly denies compassionate release need not evaluate

each step" in the "sequential step-by-step analysis" required by 18 U.S.C.

§ 3582(c)(1)(A).  *Keller*, 2 F.4th at 1284 (emphasis omitted).  "Such a reading is

compelled by the structure of the compassionate release statute, which treats its

requirements as conjunctive."  *Wright*, 46 F.4th at 947 (citing *id.*).  "This structure

necessarily dictates that a court may deny compassionate release at *any* stage of the

§ 3582(c)(1)(A) pipeline."  *Id.* (emphasis added).

       Finally, "rehabilitation of the defendant is not, by itself, an

extraordinary and compelling reason . . . .  However, rehabilitation of the

defendant while serving the sentence may be considered in combination with other

circumstances" in determining whether and to what extent to reduce a term of

incarceration.  USSG § 1B1.13(d).

## B.   Defendant Has Exhausted Administrative Remedies

       Defendant has satisfied the § 3582(c)(1)(A) exhaustion requirement.

On December 20, 2023, he submitted a request for compassionate release to the

warden of Oxford FCI.  ECF No. 207-1 at PageID.1625–1626.  On January 4,

2024, the acting warden denied the request.  *Id*. at PageID.1627.

## C.  Defendant Fails to Show an Extraordinary and Compelling Reason Warranting Early Release

As stated above, the guidelines provide that an "extraordinary and

compelling reason" justifying compassionate release includes "incapacitation of

the defendant's spouse . . . when the defendant would be the *only available*

*caregiver for the spouse* . . . ."  USSG § 1B1.13(b)(3)(B) (emphasis added).  The

Defendant bears the burden of demonstrating both that his spouse is incapacitated

and that he is the only available caregiver for the spouse.  *See United States v.*

*White*, 2023 WL 5510306, at *2 (E.D. Va. Aug. 24, 2023); *United States v. Juan*

*Miguel Garcia*, 2024 WL 2114311, at * 1 (S.D. Tex. May 10, 2024); *United States*

*v. Castro*, 2024 WL 1767602, at *4 (D.N.J. Apr. 24, 2024).  And, as is obvious, in

order to qualify as an extraordinary and compelling reason, Defendant must

himself be available to care for the spouse if released from custody.  He fails to

meet this burden.

Defendant provides evidence that his spouse ("Lynn Hernandez"),

starting in 2013, has been disabled with a history of stroke and brain tumor.  She

underwent brain surgery in 2015 and her right side is paralyzed.  ECF No. 207 at

PageID.1611; *see also* ECF No. 207-2 (indicating physician's prognosis of Lynn

Hernandez's permanent disability).  The couple have four adult children, two

daughters and two sons, each married and living in their respective residences with their own families.  ECF No. 207 at PageID.1611.  Each of them has provided an affidavit attesting to his or her respective inability—due to financial struggles—to afford a full-time nurse to provide care to Lynn Hernandez and that Defendant is the "only available caregiver."  *See* ECF No. 207-3 at PageID.1634–1637.

But even assuming—without deciding—that Defendant has shown that his wife is incapacitated, and that his children cannot care for her, he has failed to show that *he* can care for his wife.  Lynn Hernandez apparently resides in Hawaii.  *See* ECF Nos. 207-3 at PageID.1634–1637 (affidavits of Defendant's four children stating that they are unable to care for their mother in Hawaii); *see also* ECF No. 211 at PageID.1691 (affirming, in Defendant's reply brief, that Defendant's "family enjoy legal status in the United States").  And although Defendant's wife and children have legal status in the United States, Defendant does not.  Instead, Defendant has a detainer lodged against him, and he "will not be issued a final order of deportation until [he is] seen by a judge when [his] federal sentence is complete."  ECF No. 211-1 at PageID.1696.  In fact, in his Motion Defendant argues that the § 3553(a) factors favor his release because he "may be subject to deportation back to Mexico upon his release," and he "agrees to voluntarily surrender to immigration authorities on his release from prison."  ECF

No. 207 at PageID.1615.  Clearly, Defendant is unable to care for his wife if she is in Hawaii while he resides in Mexico.

In response to this obvious problem, Defendant argues that his family "may file in Immigration Court a process requesting Mr. Hernandez to remain in the United States as to not to severe [sic] family ties."  ECF No. 211 at PageID.1691.  Although he claims that he "has a good chance of success in such proceedings," *id*. at PageID.1692, he provides no proof or even explanation of the likelihood of such success.  In fact, under 8 U.S.C. § 1227(a)(2)(B)(i), Defendant's removal is "presumptively mandatory."  *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010); *see also United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022) (stating that federal drug felony plea made removal "practically inevitable").[3] Defendant has failed to meet his burden of proof that, if the court granted the Motion, he would be in a position to provide care for his wife.  *See Wright*, 46

---

[3]  As explained in *Ortega v. United States*, 2023 WL 5671528, at *12 (D. Idaho Sept. 1, 2023):

> Convictions under 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) are defined as an "aggravated felony" pursuant to 8 U.S.C. §§ 1101(a)(43)(B) & (U).  An alien convicted of an aggravated felony is "conclusively presumed" to be removable under immigration law.  8 U.S.C. § 1228(c).  A noncitizen convicted of an aggravated felony is not eligible for cancellation of removal.  8 U.S.C. § 1229b(a)(3).

*See also Alba-Heredia v. Sessions*, 692 F. App'x 383, 383 (9th Cir. 2017) (same).

F.4th at 951 (noting that it is defendant's burden to establish his eligibility for compassionate release).[4]

Defendant also argues that he has undergone significant rehabilitation while in custody.  *See* ECF No. 207 at PageID.1612–1613.  But, as set forth above, rehabilitation alone is not a basis to grant a motion for compassionate release. USSG § 1B1.13(d).

## D.   The Section 3553(a) Factors Do Not Justify Compassionate Release

Independent of whether Defendant has provided extraordinary and compelling reasons to justify a sentence reduction, the court would decline to reduce his sentence based on consideration of the relevant § 3553(a) factors.

Relevant § 3553(a) factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C.

---

[4]  Defendant has not suggested that he would move his wife to Mexico and care for her there.

§ 3553(a)(1)–(2).  And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).  18 U.S.C. § 3553(a).

The court has noted previously that a consideration of the § 3553(a) factors counsels against the grant of compassionate release for Defendant.  *See* ECF No. 179 at PageID.1386–1388; ECF No. 199 at PageID.1562–1565.  Nothing since has changed the court's view.  As to the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), Defendant's pretrial bail was revoked twice, *see* Presentence Investigation Report ("PSR"), ECF No. 129 at PageID.391 (indicating that after Defendant's May 8, 2013 arrest for the underlying offense, his bail was revoked twice, i.e., on May 24, 2013, and November 5, 2013).  And Defendant apparently lied about the circumstances leading to both bail revocations.  *See* PSR ¶¶ 21, 24, ECF No. 129 at PageID.396–397.  In fact, in one instance, Defendant made contact with a co-defendant and another individual, instructing them to "keep your mouths shut" because "the Feds are watching you and me." PSR ¶ 24, *id.* at PageID.397.

Further, at his trial for the underlying offense, Defendant lied under oath.  At sentencing, this court found that "the elements of perjury [were] met" and observed that it had "seldom heard a defendant lie as often and as much about such critical core parts of a case than [Defendant] did[, as] . . . [s]tatement after

11

statement after statement out of [his] mouth was a lie."  Tr. at 13:6–12, 20, ECF No. 141 at PageID.955.

And as for "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), Defendant received a 2-level upward adjustment for his aggravating role in the offense, PSR ¶ 34, ECF No. 129 at PageID.398–399 (applying a 2-level increase pursuant to United States Sentencing Guideline § 3B1.1(c)).

Consideration of the § 3553(a)(2) factors also weighs against Defendant's release.  The court imposed "a substantial sentence" "to reflect the seriousness of the offense, promote respect for the law[,] and provide just punishment."  Tr. at 15:19-22, ECF No. 141 at PageID.957.  It also determined that "a significant sentence is needed to afford adequate deterrence and to protect the public from further crimes of [Defendant]."  Tr. at 16:7-9, *id*. at PageID.958.

Weighing all the § 3553(a) factors, including the offense conduct, Defendant's criminal history, Defendant's efforts at rehabilitation, and the time remaining on Defendant's sentence,[5] the court determines that reducing his

---

[5]  When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release.  *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *Keller*, 2 F.4th at 1284; *United States v. Espinoza-Patino*, 2022 WL 16634865, at *1 (9th Cir. May 20, 2022) (unpublished); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020). Defendant has over two years remaining on his sentence.  *See* https://www.bop.gov/inmateloc/ (entering BOP Register Number "15666-022") (last visited May 21, 2024) (indicating Defendant's release date of May 28, 2026).

sentence would undermine the goals of sentencing set forth in § 3553(a)(2). Even if Defendant had an "extraordinary and compelling reason" (which he does not), the court would not grant the Motion.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 207, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 21, 2024.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Hernandez*, Cr. No. 13-00511 JMS-1, Order Denying Defendant's Motion for Compassionate Release, ECF No. 207